**FIRE–TROL HOLDINGS, LLC, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 05–205C.**

United States Court of Federal Claims.

March 8, 2005.

McCready (argued), Diepenbrock Harrison, Sacramento, CA, for Plaintiff.

Paul R. Wellons, Department of Justice, Commercial Litigation Branch, Civil Division, Washington, DC, for Defendant.

## ORDER

SMITH, Senior Judge.

This case is presently before the Court on defendant's motion to dismiss and plaintiff's opposition thereto. After oral argument and careful review, defendant's motion to dismiss is hereby DENIED.

## PROCEDURAL HISTORY

Challenging the United States Department of Agriculture, Forest Service's ("Forest Service") new requirements for chemical make-up of fire retardants, Fire–Trol Holdings, LLC ("Fire–Trol") filed a complaint in the Arizona District Court[1] alleging that the Forest Service failed to follow relevant statutory and regulatory requirements in amending its 2005 procurement regulations.[2] On August 13, 2004, the District Court granted defendant's motion to dismiss and held that jurisdiction lies in the Court of Federal Claims. In October 2004, Fire–Trol appealed the District Court's ruling to the United States Court of Appeals for the Ninth Circuit.[3]

On August 27, 2004, Fire–Trol filed a complaint in this Court echoing its action in the District Court.[4] Finding that the matter was premature in its filing here because no solicitation was pending, this Court dismissed the action for lack of subject matter jurisdiction, holding that "Fire–Trol is not now 'an actual or prospective bidder or offeror' within the meaning of 31 U.S.C. § 3551(2)." And therefore, Fire–Trol was not an "interested party"

Paul Dauer, Law Offices of Paul F. Dauer, Sacramento, CA, and Jennifer Dauer

1. *Fire–Trol Holdings, LLC v. United States Forest Service*, No. CV–03–02039–JAT (D.Ariz.2004).

2. The history of the facts leading up to the change in specifications can be found in *Fire–Trol Holdings, LLC v. United States*, 62 Fed.Cl. 440 (2004).

3. *Fire–Trol Holdings, LLC v. United States Forest Service*, No. 04–17101 (9th Cir. appellant brief filed Jan. 26, 2005).

4. Section 1500 does not apply to Fire–Trol's bid protest filed in 2004 because the district court had dismissed Fire–Trol's suit and Fire–Trol had not yet filed its notice of appeal. *See Young v. United States*, 60 Fed.Cl. 418, 424 (2004), which held that "it is the actual filing of a notice of appeal of that court's other decision that would make the claim 'pending', and not the mere fact that the time to appeal it has yet to run." (citations omitted.)

pursuant to 23 U.S.C. § 1441(b) subject to the Court's jurisdiction. *Fire–Trol Holdings, LLC v. U.S.*, 62 Fed.Cl. 440, 445 (2004). Fire–Trol appealed this decision to the Court of Appeals for the Federal Circuit. Oral argument is scheduled for March 10, 2005.

## EXCLUSIVE JURISDICTION TO HEAR BID PROTESTS

Under the Administrative Dispute Resolution Act of 1996, 28 U.S.C. § 1491(b), this Court has exclusive jurisdiction over any "action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or proposed procurement." 28 U.S.C. § 1491(b)(1). In granting exclusive jurisdiction, Congress armed this Court with equitable powers to enjoin breaches of fairness in procurements, to include post-award challenges as well as pre-award challenges, like Fire–Trol's present complaint. *Id.*

## BID SOLICITATION

On January 28, 2005, the Forest Service issued Invitation for Bids No. 49–05–02 ("IFB") for the acquisition of "Long–Term Fire Retardant—Full Service" and Request for Proposals No. 49–05–01 ("RFP") for the acquisition of "Long–Term Fire Retardant—Bulk" for permanent fire bases. *Ex. O to Pl.'s Motion for Prel. Inj.* The IFB and RFP each permit bidding only on products on a qualified products list ("QPL") based on Forest Service Specification 5100–304(b) (January 2000), as amended January 27, 2005. *Id.* Prior to the amendment, Fire–Trol manufactured three fire retardants qualified and available for award. *Ex. A to Pl.'s Mot. for Prel. Inj.* The amended specification precludes Fire–Trol's products and reduces the competitive bidder to one manufacturer. Pl.'s Compl. Consequently, Fire–Trol filed a motion to stay with the Ninth Circuit on February 2, 2005, requesting the Court enjoin the Forest Service from applying its amended product specifications and QPL for the solicited bids. That motion was denied on March 1, 2005.

On February 10, 2005, Fire–Trol filed its pre-bid complaint together with a motion for preliminary injunction challenging the terms of the IFB and RFP for incorporating amended specifications and revised QPL in violation of the Competition in Contracting Act (CICA).

## DISCUSSION

28 U.S.C. § 1500 divests the Court of Federal Claims of jurisdiction to hear claims when a plaintiff has a pending similar lawsuit against the United States in any other court. In *Keene Corp. v. United States*, 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993), the Supreme Court held to satisfy the same claim requirement the plaintiff must have pending in another court a suit "based upon substantially the same operative facts as the Court of Claims action, at least if there is some overlap in the relief requested." We are governed by the Federal Circuit's explication of *Keene* which developed it into a two prong test. *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (Fed.Cir.1994). Section 1500 takes effect when the claim pending in the court arises from not only the "same operative facts", but when it also seeks the "same relief". *Id.* at 1551. If the pending claim against the United States employs the same operative facts as the complaint filed here, and if the relief sought is the same, dismissal from this Court is mandatory. If, however, the facts presented, or the remedy petitioned, differ, this Court properly retains subject matter jurisdiction to review the action before us.

### Not the Same Operative Facts

Defendant contends that based on the filings in the Ninth Circuit and its pre-bid protest here, Fire–Trol presents the same operative facts; those facts being that the Forest Service now requires all fire retardant materials to contain gum thickener and not contain YP soda. Def.'s Br. at 9. Conversely, Fire–Trol argues that these facts are merely background providing an understanding of the wildland fire retardant market, not operative facts directly giving rise to the claims pled. Pl.'s Br. at 8. It argues that the operative facts in the District Court case are

based on the failure of the Forest Service to comply with statutory and regulatory requirements for rulemaking in amending the specification in 2000, while the action in this Court is based on the invitation of solicitations for fire retardants based on the 2005 amended specifications as improperly limiting the bidding to one manufacturer. Pl.'s Br. at 7–8. The Court agrees. Because the Forest Service issued a solicitation for bids on January 28, 2005, it is clear that the operative facts giving rise to the actions are different. The action presently before this Court is based on an actual procurement whereas the District Court action was based on rulemaking. And because Fire–Trol claims that the invitation for bids was improper, jurisdiction now properly lies with this Court to examine the fairness of that solicitation under the Tucker Act. 28 U.S.C. § 1491 (2001).

### *Not the Same Relief*

If the plaintiff requests completely different relief in two different forums this Court would retain jurisdiction. *See, e.g. Loveladies,* 27 F.3d at 1551 (holding that the relief sought was not the same where the plaintiff asked for injunctive relief in the District Court and damages in the Court of Federal Claims). Defendant argues that the second prong has been met because "Fire–Trol asks both this Court and the Ninth Circuit to enjoin Forest Service from procuring fire retardant through its current specification". Def. Br. at 11. In doing so, defendant maintains the same relief is being requested thereby precluding this Court of jurisdiction. *Id.* at 5. The issue before the Ninth Circuit is purely jurisdictional—did the District Court err when it granted defendant's motion to dismiss. The underlying merits of the case, whether the Forest Service did not follow regulatory mandates in its rulemaking, is not on appeal. The relief requested is for District Court case to be reinstated. And even though Fire–Trol filed a motion to stay the 2005 procurement which was eventually denied in the Ninth Circuit, and the Circuit was

held to reviewing the motion considering the likelihood of success of the appeal, Fire–Trol requested the stay in order to maintain the status quo pending the appeal. Pl.–Appellant's Mot. to Stay *in* Def. Apx. at 55. With regard to relief requested in the complaint filed in this Court, Fire–Trol asks for this Court to review the 2005 solicitation limiting competition. In reviewing the preliminary injunction this Court will consider the likelihood of success on the merits of the 2005 procurement protest. Therefore, because the relief requested is not the same, this Court is not divested of jurisdiction.

### *CONCLUSION*

As set out above an examination of a fairness of the pre-bid solicitation falls squarely within the exclusive Tucker Act jurisdiction of the Court of Federal Claims. Therefore section 1500 limitation on the Court's exclusive jurisdiction is not met and defendant's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.